Good morning, Your Honors. May it please the Court, my name is Seth Floyd and I represent the petitioner in this matter, Mr. Tirso Rojas. I'm supervised today by Anne Traum of the UNLV Appellate Clinic. At this time, I'd like to reserve two minutes of my time for rebuttal. Thank you, Your Honor. Your Honors, Mr. Rojas admittedly has a very difficult hill to climb in this case in light of this Court's decision in Delgado-Hernandez. However, because a rehearing is currently pending in that case, we would like to preserve Mr. Rojas' argument. We also recognize, Your Honors, that a stay may be appropriate in light of the rehearing that could happen in Delgado, and we're hopeful that the rehearing will be granted, and we think there are strong grounds for overturning Delgado. A stay of what? This case pending the outcome of the rehearing, Your Honor. Do I defer submission? You're asking us to not decide this until the petition for rehearing is determined one way or the other? That's correct, Your Honor. We don't believe that there is a strong enough distinction between our case and Delgado-Hernandez to distinguish that case today, and because we are hopeful that Delgado will be overturned, we think that would be favorable for our case. Your Honors, Johnson reminds this Court that when applying a categorical analysis, this Court must look to California's interpretation of California law. And so the central question before this Court is, in light of California's removal of force in Cal Penal Code 207A, what effect did that have on the risk of force? And we believe that the effect that has on the risk of force is that the risk is significantly reduced, such that this Court can assume that every kidnapping case under 207A automatically has a substantial risk of force involved. Your Honors, in California, there are three types of recognized kidnapping under 207A, and those three types of kidnappings have an attendant different level of risk involved. And in Delgado-Hernandez, the Court considered two of those types of kidnappings, those kidnappings being kidnapping by actual force and kidnapping by instilling fear. However, Your Honors, there is a third type of kidnapping in California, which is no-force kidnapping, that the legislature codified in 207E of the kidnapping statute. And under 207E, no force is required to kidnap certain victims, particularly children, and the Court has since expanded that to incapacitated persons. So in light of that removal of force, on the spectrum of risk involved in kidnapping, we believe that that risk in a no-force kidnapping is extremely low. And more importantly, in this case, we have an attempted kidnapping, and the risk of force in an attempted kidnapping is even more attenuated than in a completed kidnapping. So therefore, we believe that there is not a substantial risk inherent in every kidnapping case. So when this Court looks to the statute of conviction, which is 207A, you can't tell from the statute alone whether a substantial risk of force is inherent in the crime. And therefore, attempted kidnapping is not categorically a crime of violence under 18 U.S.C. 16b. What about the reasoning of the Delgado case, which is in every kidnapping, it's just inherited the nature of kidnapping, even if the victim is a passive victim, other passersby or others might intercede, and that's the risk of violence according to that case. Your Honor, certainly there is some risk involved in every kidnapping. However, the situation you describe is assuming that the kidnapping fails because there is an intervening cause or a third party that gets involved or a confrontation. However, kidnappings can fail for a number of reasons. And in fact, under California attempt law, in People v. Areola, which we cited in our 28J letter, the Court cited, I'm sorry, in Saavedra, when this Court was looking at attempt, it cited a case where an attempt robbery failed because someone walked into a bar, saw that there were a number of people there, and decided, I'm not going to commit this robbery here. So that was enough for an attempt. So an attempt can fail for a number of reasons. My second point on Delgado, Your Honor, is that in Delgado they were only considering kidnapping with actual force and kidnapping by fear, and we would concede that an actual force kidnapping or a kidnapping by instilling fear does contain a substantial risk that force will be used. So the argument instead is that under the third category of California kidnapping, which Delgado did not consider, there is not that substantial risk of force inherent in the crime. What were the facts of this underlying crime, though? How do they fit into your argument? Your Honor, if you look to the record on page 165 and 167, the judicially noticeable documents we have before us in this case tell us very little about the crime. So if you're looking to the underlying facts and you're applying a modified categorical approach, when you look here, all you see is that in the abstract of judgment on page 165 that Mr. Rojas was convicted of an attempted kidnapping under Cal Penal Code 664-207-A. No more facts are given on the abstract. But 207-A was the reference to the statute. Is that correct? Not 207-E. Correct, Your Honor. And the statute itself, 207-E is not actually a statute of conviction. And if you look at the language of Cal Penal Code 207-A, B, C, and D, all contain the language, and this is on Addendum 9 of our briefs, contains the language, is guilty of kidnapping. 207-E simply modifies the force required for 207-A through D kidnapping. And this Court recognized that in People v. Areola where it was a parent and child situation, no force, but the statute of conviction was 207-A. Your Honor, if you also look to the amended information, Counts 1, 3, and 4, it doesn't tell us anything about the level of risk involved in Mr. Rojas' conviction. Instead, all we know are that Counts 3 and 4, the victims were children. They were age 15 and 11. And for the third, in Count 1, we assume that the victim was a child because they're noted as Amanda F. So it's an abbreviated name. So we can't tell from the amended information whether we have a forced kidnapping or a no-force kidnapping. And in fact, it actually points the other way because they are children and California has a specific carve-out for children. And this is similar to the analysis that the Second Circuit did in a case where there was a statute that had a similar carve-out in Dixon, and the Second Circuit found that when you have that carve-out where no force is required for a certain class of victims, children in that case, there's a spectrum of risk. In that case, the court found that it was actually not a substantial risk of force because the element of force was not present in the crime. Your Honors, if you apply the modified categorical approach here, again, you'll find that Mr. Rojas is not removable as an aggravated felon because there's not enough information in the facts to determine that. So when you look at a 207A kidnapping, and in this case when you go to a modified categorical approach, you can't tell whether force was required in this case, and you can't tell whether there's an attended substantial risk of force. And Your Honors, I see that I'm almost at my rebuttal time. I'd like to resort to that. Thank you, Mr. Plouffe. Thank you, Your Honors. Good morning. Good morning. May it please the Court, I'm going to let hand you over on behalf of the Respondent, the Attorney General. The Court should dismiss the petition for review. Petitioner was convicted of three counts of attempted kidnapping under California Penal Code Section 207A and sentenced to a term of imprisonment of four years and eight months. The agency correctly determined Petitioner is removable as an aggravated felon as defined under INA Section 101A43F. For a crime of violence, the term of imprisonment is at least one year. The agency's decision is consistent with Supreme Court precedent and fully supported by this Court's decision in Delgado-Hernandez's dispositive of Petitioner's case. Do you have any comment on counsel's request that we defer submission of this case until the mandate ultimately issues in Delgado? In other words, just to wait to see what happens with the petition for review in that case? Your Honor, there has been a petition for a rehearing filed in the Delgado-Hernandez case, and the government has filed an opposition. Our position is that it would not be necessary to hold this case in abeyance because Delgado is controlling law. If this Court feels that holding the case until the time that that petition for a hearing is determined would be prudent, we would not oppose that. Our position is that it's not necessary. Because Petitioner's alienage and the fact of conviction are not in dispute, the threshold jurisdictional question is whether Petitioner's conviction for attempted kidnapping is categorically a crime of violence as defined under Title 18, Section 16b. The agency correctly found that it is. The proper inquiry is whether the conduct encompassed by the elements of the offense in the ordinary case presents a substantial risk that physical force will be used in the commission. In Delgado, this Court held that attempted kidnapping is a crime of violence under 16b because in the ordinary case, force will be present, and in any event, all kidnappings by their nature carry a substantial risk that force will be used in the commission. The nature of kidnapping under Section 207a is a perpetrator who forcibly or by any other means of instilling fear steals or takes, holds or detains or arrests any other person, adult or child, who may or may not be related to the perpetrator. Examining the nature of the offense, this Court in Delgado correctly held that in the ordinary case, there is a substantial risk that physical force may be used against the person or property of another in committing the offense. Petitioner's assertion that kidnapping is not categorically a crime of violence because the statute criminalizes conduct that involves no force or presents a low risk of the use of force is without merit. By its nature, kidnapping always involves a confrontation and the risk of an escalation. That confrontation, as this Court emphasized in Riley, is very important in determining the risk of force in the commission of the offense. So your argument basically boils down to Delgado-Hernandez controls and we have no basis to really revisit it. Our position is that they're not Delgado-Hernandez controls and it is completely consistent with Supreme Court precedent as articulated in James and in Leocal. I'm wondering if there's anything else you need to tell us. You've got a case right on point, which they agree and they're just asking us to see if it stands out. Yes, Your Honor. I would just want to respond to Petitioner's concern regarding vulnerable victims. This Court in Riley stated that it would refuse to reduce, that it had previously refused to reduce, reduce the consideration of the amount of risk because of a vulnerable victim. For example, here an infant, a child or an incapacitated adult, that no force may be used against a vulnerable victim. It is of no matter because by the nature of the offense, there's always a substantial risk that a third party may intervene and attempt to stop the kidnapping. Thank you, Your Honor. In conclusion, the petition for review should be dismissed. Thank you. Thank you very much. Thank you, Your Honors. Just a couple of quick points on rebuttal. Opposing counsel, the government is arguing here that Delgado-Hernandez should be controlling in this case. It's a valid point. I think it's important to remember that there is a risk of force involved in a kidnapping when you have a no force situation. In other words, the 207E type of kidnapping when there's a child involved. Didn't it implicitly do that by citing Lanzac, which held that child stealing carries a risk of force? Your Honor, Delgado did cite several Ninth Circuit cases that were not looking at the current state of California kidnapping law. But didn't it consider a similar issue? That is, child stealing by enticement involving no force, although it was a different statute. The fact that Delgado cited that, it appears that they did think about that possibility. Perhaps, Your Honor, however, in the specific language of the opinion from Delgado, they state on page 933 that kidnapping under 207A inherently involves a direct confrontation with a victim who is forced or frightened. So they're talking about force or fear. And in the rationale for the holding, they actually state that because kidnapping can be accomplished by instilling fear instead of force, it does not qualify as a crime of violence. So they were only considering force and fear. Well, it says, although it is possible to commit kidnapping without physical force, in the ordinary case, force will be present. And in any event, all kidnapping cases carry substantial risk. But it sounds like they've specifically addressed it. Well, respectfully, Your Honor, my understanding of that is that they're talking about how a fear kidnapping, based on the sentence before it, how a fear kidnapping does not involve force. And we also know that the briefing of the parties did not include an explanation of California law and an explanation of the no-force kidnapping. The briefs before this, the Delgado court, were only dealing with force and fear kidnappings. They didn't mention Michelle D., and they didn't mention 207E, California Code 207E. So it's our position that Delgado did not consider those cases and that if it had, it would find that there was a significant effect on the risk, a significant reduction in the risk of force when force is removed as an element of the crime. And I see my time is up. Thank you, Your Honor. Thank you very much. The case just argued is submitted. We want to thank UNLV for taking the case. Mr. Floyd, are you a law student? Yes, sir.
judges: Scullin, Silverman, Graber